IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES E. KING, SR., et al.**                                                          **PLAINTIFFS**

**v.**                                                          **Civil Action No.: 1:14-cv-00088-MPM-DAS**

**COLE'S POULTRY, LLC, et al.**                                                       **DEFENDANTS**

## ORDER

This cause comes before the Court on multiple motions for summary judgment filed by defendant Peco Foods, Inc. ("Peco"). Along with an omnibus motion for summary judgment, Peco filed individual motions for summary judgment as to thirty-five plaintiffs. On November 29, 2016, the Court issued a memorandum opinion and order [416] ruling on the omnibus motion. The Court also issued an order [420] denying twenty-nine of the individual motions on December 9, 2016. Thus, only six individual motions remain pending. Because four of those motions make identical arguments—the motions as to Mandolyn Boyd [187], Christine Devauld [189], Claude Devauld [191], and Willie Howard [207], the Court will consider them together. The Court will also consider Peco's motions as to Kent Gardner [203] and Tina Porter [229] together, as the parties make largely similar arguments therein. Plaintiffs individually responded in opposition to the motions, and Peco replied. Having given due consideration to the parties' submissions and relevant authorities, the Court is now prepared to rule.

**I.     Relevant Factual and Procedural Background**

Cole's Poultry, LLC ("Cole's"), Skeels Poultry, LLC ("Skeels"), and Peco are engaged in broiler chicken operations, utilizing confined chicken facilities in Monroe County, Mississippi, to raise chickens for meat production. Under their arrangement, Peco, an Alabama corporation, supplies the chickens to Cole's and Skeels, who actually operate the Monroe Country facilities.

1

While Cole's and Skeels operate the facilities, Peco maintains an extensive amount of authority over the chicken growing process and the day-to-day operations of the facilities.

This action commenced on July 20, 2011, when fifty-seven[1] residents of Monroe County, Mississippi, filed their complaint against Cole's, Skeels, and Peco. Plaintiffs filed their suit in the Circuit Court of Monroe County, Mississippi, alleging that the defendants' confined chicken facilities located in close proximity to Plaintiffs' homes and properties interfere with their ability to use and enjoy their properties. Specifically, Plaintiffs allege that "[t]he foul, noxious, and potentially dangerous odors emanating from these chicken facilities, as well as millions of flies and other potentially harmful emissions have impaired Plaintiffs' ability to use and enjoy their properties and have caused substantial damage to their quality of life."

Each of the six individual plaintiffs subject to the present motions has personally filed for bankruptcy. Willie Howard, Mandolyn Boyd, Christine Devauld, and Claude Devauld each filed for Chapter 13 bankruptcy prior to the commencement of this action.[2] Kent Gardner also filed for Chapter 13 bankruptcy but did so on March 7, 2014—almost three years after the commencement of this action. Tina Porter filed her Chapter 7 bankruptcy petition on March 14, 2016. Importantly, none of the parties initially listed their claims in this nuisance action as an asset in the bankruptcy petition, as required under the Bankruptcy Code. Moreover, while their bankruptcy proceedings were ongoing, none of the plaintiffs properly updated the petitions to reflect their claims in this action.

---

[1] The Court notes that the parties have stated a different number of plaintiffs in multiple filings with the Court. Multiple plaintiffs have been dismissed and/or substituted throughout the course of the litigation. However, in the initial filing in the Circuit Court of Monroe County, Mississippi, there were fifty-seven plaintiffs.

[2] The bankruptcy petitions attached to Peco's motions show that Willie Howard's petition was filed on November 5, 2009, Mandolyn Boyd's petition was filed on December 30, 2009, and Christine Devauld and Claude Devauld's petitions were filed on May 27, 2010.

Eventually, Cole's and Skeels were dismissed from this action, leaving Peco as the only defendant. The action is now pending before this Court. Plaintiffs assert causes of action for temporary and continuing nuisance, negligence, and negligent entrustment.

Peco has filed an omnibus motion for summary judgment and thirty-five separate motions for summary judgment as to individual plaintiffs. On November 29, 2016, the Court issued a memorandum opinion and order [416] ruling on Peco's omnibus motion. In that ruling, the Court granted summary judgment as to Plaintiffs' negligent entrustment claim and their request for punitive damages as to the extent those claims relied on vicarious liability but denied summary judgment as to all other claims. Additionally, on December 9, 2016, the Court denied twenty-nine of Peco's individual motions for summary judgment. The six remaining motions for summary judgment are now before the Court. In these motions, Peco asserts that the judicial estoppel doctrine should bar plaintiffs' claims in this action due to plaintiffs' failure to disclose their claims in this action in their individual bankruptcy proceedings. Having reviewed the submissions of the parties, along with relevant case law and evidence, the Court finds that the motions should be denied.[3]

## II. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "[d]oubts are

---

[3] The Court has omitted portions of the factual and procedural background from this order in an attempt to provide only the facts relevant to the present motions. Its memorandum opinion and order issued on November 29, 2016, [416] provides additional facts.

to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." *Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001). If the moving party meets its initial burden of showing there is no genuine dispute as to any material fact, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.' " *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

### III. Discussion

Peco argues that judicial estoppel bars plaintiffs' claims. The doctrine of judicial estoppel "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (quoting 18 James Wm. Moore et al., Moore's Federal Practice § 134.30 at 63 (3d ed. 2011)). In essence, the doctrine is intended to protect the integrity of the judicial process by "prevent[ing] parties from playing fast and loose with (the courts) to suit the exigencies of self interest." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988) (quoting *USLIFE Corp. v. U.S. Life Ins. Co.*, 560 F.Supp. 1302, 1304-05 (N.D. Tex. 1983)) (additional citation omitted). The Court also notes that judicial estoppel is "an equitable doctrine invoked by a court *at its discretion*." *Reed*, 650 F.3d at 574 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)) (emphasis added). The Fifth Circuit has held that:

> A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently.

4

*Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 206-07 (5th Cir. 1999)).

A.  *Motions as to Mandolyn Boyd [187], Christine Devauld [189], Claude Devauld [191], Willie Howard [207]*

Peco argues that plaintiffs should be barred from pursuing their claims in this action due to their failure to disclose the claims in their bankruptcy proceedings. Although plaintiffs each filed their bankruptcy petitions prior to the commencement of the present action, Peco argues that plaintiffs were under a continuing duty to disclose their claims throughout the course of the bankruptcy proceedings and their failure to do so should result in this Court denying them the ability to pursue those claims now.

The Court agrees that plaintiffs were under a continuing duty to disclose their claims in the present action to the bankruptcy court even after the court confirmed their Chapter 13 plans. *See In re Adams*, 481 B.R. 854 (Bankr. N.D. Miss. 2012) (holding that a post-confirmation claim was property of the bankruptcy estate and the debtor was under a continuing duty to disclose it). Nevertheless, despite plaintiffs' failure to comply with this duty, the Court finds that summary judgment should be denied.

In their responses, plaintiffs do not seriously dispute that the first two judicial estoppel elements are satisfied. The evidence provided by Peco shows that plaintiffs did not disclose the present claims in their bankruptcy proceedings and that the bankruptcy court accepted that position, as shown by the bankruptcy court's confirmation of each of plaintiffs' Chapter 13 plans. However, the Court finds that Peco cannot meet its burden as to the third element, rendering summary judgment inappropriate.

"The third element of judicial estoppel requires that the non-disclosure was not inadvertent." *Kaufman v. Robinson Prop. Group, L.P.*, 661 F.Supp.2d 622, 626 (N.D. Miss. 2009); *see also In re Coastal Plains, Inc.*, 179 F.3d at 206 (quoting *Johnson v. State, Oregon, Dept. of Human Res., Rehab. Div.*, 141 F.3d 1361, 1369 (9th Cir. 1998)) ("If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply."). Thus, if plaintiffs' failure to disclose was inadvertent, the doctrine is not applicable. This Court has previously held that "[t]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Id.* at 626-27 (emphasis in original). To show lack of knowledge, plaintiffs "must show not that they were unaware that they had a duty to disclose their claims but that . . . they were unaware of the facts giving rise to inconsistent positions." *Allen*, 813 F.3d at 573. Regarding motive, the Fifth Circuit has provided that "[a] debtor possesses the requisite motivation if concealing the claim allows the debtor to 'reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors.'"

Peco argues that plaintiffs failed to disclose the claims despite having knowledge of the claims and a motive to conceal them, making judicial estoppel appropriate. The Court is unpersuaded. At the time plaintiffs filed their bankruptcy petitions, they did not have knowledge of their claims in the pending action as it had not yet been filed. In fact, Peco, Cole's, and Skeels began operating the Monroe County facilities on August 1, 2010. However, each of these plaintiffs filed their bankruptcy petitions on or before May 27, 2010. Thus, none of them could have even possessed knowledge concerning the facts giving rise to the nuisance claims at that point. While it is true that plaintiffs maintained a continuous duty to update their filing

throughout the course of the bankruptcy proceedings, the Court is simply not inclined to permit Peco to avoid potential liability for their conduct due to plaintiffs' failure to update their bankruptcy petitions.

The Court also feels compelled to note the flexibility in the judicial estoppel doctrine. The Fifth Circuit has held that "[b]ecause judicial estoppel is an equitable doctrine, courts may apply it flexibly to achieve substantial justice." *Reed*, 650 F.3d at 576. Further, "judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining its applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 268 (5th Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 751). The Fifth Circuit has also stated that the doctrine is "generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *In re Coastal Plains, Inc.*, 179 F.3d at 206) (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

Taking these considerations into account, the Court finds that applying judicial estoppel here would not fulfill the doctrine's purpose. In the Court's view, barring parties who have allegedly been suffering from chicken house-generated odors and flies since 2010 from recovery due to their failure to update a document in their bankruptcy proceeding does not achieve substantial justice. In fact, it does the opposite. As previously mentioned, the Fifth Circuit has provided that the judicial estoppel doctrine is intended to "prevent parties from playing fast and loose with (the courts) to suit the exigencies of self interest." *Brandon*, 858 F.2d at 268. Peco has not provided evidence showing that plaintiffs intended to "play fast and loose with the courts" or intentionally argued inconsistent positions to gain an unfair advantage. Because the

purpose of the judicial estoppel doctrine would not be fulfilled by applying it here, the Court finds that Peco's motions should be denied.

B.     *Motions as to Kent Gardner [203] and Tina Porter [229]*

Unlike the four aforementioned plaintiffs, Kent Gardner and Tina Porter both filed their bankruptcy petitions after the commencement of the present action. Kent Gardner filed for Chapter 13 bankruptcy on March 7, 2014, and Tina Porter filed for Chapter 7 bankruptcy on March 14, 2016. Because the present action had already commenced before Gardner and Porter filed their bankruptcy petitions, the fact that each of them failed to disclose their claims in the present action is more troubling. While this fact makes Peco's argument in favor of summary judgment stronger, the Court still finds that summary judgment should be denied.[4]

In *Byrd v. Wyeth, Inc.*, 907 F.Supp.2d 803 (S.D. Miss. 2012), the United States District Court for the Southern District of Mississippi decided not to apply judicial estoppel in a factually similar context. There, the plaintiff failed to update her bankruptcy petition to reflect a post-confirmation claim. *Id.* at 804. While arguing that the claim should not be considered part of the bankruptcy estate, she also asserted that "even if the court concludes otherwise, the law on this issue is complex and unclear" and that the court should thus determine that her failure to disclose the claim was inadvertent or, alternatively, should exercise its discretion and permit her to pursue her claim as a matter of equity. *Id.* at 804-05. The court determined that the plaintiff should be permitted to pursue her claims, holding that "even if the requirements of judicial estoppel are satisfied, application of judicial estoppel in the circumstances of this case would be 'an inappropriate use of the court's equitable powers.'" *Id.* at 805 (quoting *Woodard v. Taco Bueno*

---

[4] The Court notes that in addition to the judicial estoppel argument, Peco also asserts that Tina Porter's claims should be dismissed pursuant to her lack of ownership in the allegedly affected property. The Court rejected that argument in its order [420] issued on December 9, 2016. Therefore, the Court will not address it in this order.

8

*Restaurants, Inc.*, 2006 WL 3542693, at *11 (N.D. Tex. Dec. 8, 2006)). The court reasoned that because the portions of the Bankruptcy Code at issue in the case were highly technical and confusing, the judicial estoppel doctrine should not operate to bar the plaintiff's claims even though she failed to update her bankruptcy court petition. *Id.*

Although a different portion of the Bankruptcy Code was at issue in the bankruptcy proceedings in this action, this Court nevertheless finds that the *Byrd* court's refusal to apply judicial estoppel to achieve a harsh result promotes good policy. As both the Supreme Court and Fifth Circuit have held, the doctrine was intended to prevent parties from intentionally taking inconsistent positions in separate tribunals in order to obtain an unfair advantage. Although the Court recognizes that plaintiffs failed to properly disclose their claims in the bankruptcy proceeding, the Court is of the view that barring plaintiffs from the opportunity to obtain relief in this action would not achieve substantial justice. Peco has provided no evidence that plaintiffs intended to obtain an unfair advantage or take advantage of the judicial system. Rather, Peco appears to be attempting to utilize the equitable doctrine of judicial estoppel to escape liability in an inequitable manner. The Court declines to accept Peco's position.

## IV. Conclusion

For the foregoing reasons, the Court finds that judicial estoppel should not be applied in this case. Accordingly, it is hereby, ORDERED that Peco's motions for summary judgment as to Mandolyn Boyd [187], Christine Devauld [189], Claude Devauld [191], Kent Gardner [203], Willie Howard [207], and Tina Porter [229] are DENIED.

SO ORDERED this the 12th day of December, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**