IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES E. KING, SR., et al.                                                                  PLAINTIFFS

v.                                                            Civil Action No.: 1:14-cv-00088-MPM-DAS

COLE'S POULTRY, LLC, et al.                                                             DEFENDANTS

**ORDER**

This cause comes before the Court on defendant Peco Foods, Inc.'s ("Peco") *Motion to Sever* [257]. Plaintiffs filed a response in opposition to the motion [353], to which Peco filed a reply [391]. Having reviewed the parties' submissions, along with relevant evidence and authorities, the Court is prepared to rule.

**I.       Relevant Factual and Procedural Background**

Cole's Poultry, LLC ("Cole's"), Skeels Poultry, LLC ("Skeels"), and Peco are engaged in broiler chicken operations, utilizing confined chicken facilities in Monroe County, Mississippi, to raise chickens for meat production. Under their arrangement, Peco, an Alabama corporation, supplies the chickens to Cole's and Skeels, who actually operate the Monroe Country facilities. While Cole's and Skeels operate the facilities, Peco maintains an extensive amount of authority over the chicken growing process and the day-to-day operations of the facilities.

This action commenced on July 20, 2011, when fifty-seven[1] residents of Monroe County, Mississippi (collectively "Plaintiffs"), filed their complaint against Cole's, Skeels, and Peco. Plaintiffs filed their suit in the Circuit Court of Monroe County, Mississippi, alleging that the defendants' confined chicken facilities located in close proximity to Plaintiffs' homes and

---

[1] The Court notes that the parties have stated a different number of plaintiffs in multiple filings with the Court. Multiple plaintiffs have been dismissed and/or substituted throughout the course of the litigation. However, in the initial filing in the Circuit Court of Monroe County, Mississippi, there were fifty-seven plaintiffs.

1

properties interfere with their ability to use and enjoy their properties. Specifically, Plaintiffs allege that "[t]he foul, noxious, and potentially dangerous odors emanating from these chicken facilities, as well as millions of flies and other potentially harmful emissions have impaired Plaintiffs' ability to use and enjoy their properties and have caused substantial damage to their quality of life."

Cole's and Skeels were eventually dismissed from the action, leaving Peco as the sole defendant. On November 27, 2013, Peco removed the action to this Court based upon diversity jurisdiction. In the third amended complaint, Plaintiffs assert against Peco causes of action for temporary and continuing nuisance, negligence, and negligent entrustment. On November 29, 2016, the Court granted Peco's omnibus motion for summary judgment as to the negligent entrustment claim but denied their motion as to all other claims. Thus, Plaintiffs' negligence and nuisance claims remain pending.

Now before the Court is Peco's motion to sever. In the motion, Peco argues Plaintiffs' claims were fraudulently joined and thus should be severed and tried separately. Plaintiffs responded in opposition, and Peco filed a reply. Upon due consideration of these submissions, in addition to relevant case law and evidence, the Court finds that Peco's motion should be denied.

## II. Conclusions of Law

To determine whether Plaintiffs' claims were fraudulently misjoined, the Court looks to the Mississippi Rules of Civil Procedure. *Cooper v. AIG Claim Servs., Inc.*, 2009 WL 279101, at *2 (N.D. Miss. Feb. 5, 2009) ("In a removed case, questions of 'fraudulent misjoinder' are determined by the state's joinder rules.").[2] The Mississippi Supreme Court has recognized that

---

[2] Historically, there was a split of authority within the Mississippi federal courts as to whether the Federal Rules of Civil Procedure or Mississippi Rules of Civil Procedure should apply in determining questions of fraudulent joinder. While this distinction will often not affect the result

2

trial courts maintain "broad discretion in determining when and how claims are tried" under the Mississippi Rules. *First Investors Corp. v. Rayner*, 738 So.2d 228, 238 (Miss. 1999). Rule 20 is the particular rule at issue in resolving questions of fraudulent misjoinder. *Tri-Miss. Servs. Inc. v. Fairley*, 2012 WL 5611058, at *3 (S.D. Miss. Nov. 15, 2012) ("To determine if a party has been fraudulently misjoined, the court applies Rule 20 of the Mississippi Rules of Civil Procedure.").

In pertinent part, Rule 20 provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

MISS. R. CIV. P. 20(a). Thus, in order for joinder to be proper under Rule 20, two criteria must be satisfied: (1) that the plaintiffs "assert *any* right to relief jointly, severally, or in the alternative" which "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) that "*any* question of law or fact common to all these persons will arise in the action." *Id.* (emphasis added). The comment to Rule 20 states in part:

> The phrase "transaction or occurrence" requires that there be a distinct litigable event linking the parties. Rule 20(a) simply establishes a procedure under which several parties' demands arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of the evidence relating to facts common to more than one demand for relief would entail.

MISS. R. CIV. P. 20 cmt.

The Court finds that both Rule 20(a) requirements are satisfied here. Regarding the first prong, Plaintiffs have all asserted the same rights to relief based upon the odors, flies, and truck

---

because the rules are very similar, this Court held in *Jackson v. Truly*, 307 F.Supp.2d 818, 823-24 (N.D. Miss. 2004), that "to the extent that applying Mississippi Rule 20 instead of Federal Rule 20 will affect the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule."

traffic caused by the Monroe County chicken houses.  Their claims are based upon the same transaction, occurrence, or series of transactions or occurrences.  The ongoing operations at the Monroe County facilities create a distinct litigable event linking Plaintiffs' claims.  The second prong requires the presence of any common question of law or fact.  Here, there are common questions of law, as Plaintiffs have all asserted identical causes of action.  Thus, Plaintiffs will all be required to prove the same elements in order to recover.  There are also common questions of fact, as Plaintiffs' claims all revolve around the operations at the Monroe County facilities.  Therefore, both Rule 20(a) requirements are satisfied.  Borrowing the language from the Rule 20 comment, joinder of Plaintiffs' claims in this action "avoid[s] the unnecessary loss of time and money to the court and the parties that [would be caused by] the duplicate presentation of the evidence."

In its motion, Peco asserts that there are multiple factual dissimilarities between each of Plaintiffs' claims, making severance appropriate.  In support of this assertion, Peco emphasizes the differences in the distance between each Plaintiffs' property and the chicken facilities, the distinctions between the frequency and intensity of the odors alleged by Plaintiffs, the variations in Plaintiffs' complaints as to the flies, the differences in their complaints about truck traffic, and the varying possessory interests each Plaintiff retains in the affected properties.  Highlighting these factual dissimilarities, Peco states that severance is appropriate because "a joint trial of these fifty-nine claims, or any combination of them, will unfairly prejudice Peco's right to a fair trial."  Simply put, the Court is unpersuaded.  While the Court recognizes that each of the plaintiffs have experienced slightly different damages due to the location of their property in relation to the chicken houses, their claims nevertheless satisfy the Rule 20 requirements.  Peco

will have an opportunity at trial to expose the variances in Plaintiffs' testimonies. Accordingly, the Court finds that the claims should be tried together.

In support of its position, Peco largely relies on two cases. Because both cases are easily distinguishable, the Court declines to apply them here. First, Peco asserts that *McFarland v. State Farm Fire & Cas. Co.*, 2006 WL 2577852 (S.D. Miss. Sept. 6, 2006), supports its position. In *McFarland*, hundreds of plaintiffs joined in a lawsuit, "each asserting claims that arise out of damage to property caused by Hurricane Katrina." *Id.* at *1. While recognizing that the hurricane was the common event that served as the basis of each claim, the court determined that the plaintiffs' claims should be severed. *Id.* In reaching that decision, the court emphasized that each plaintiff's claims were based on different insurance contracts and any claims for negligent or fraudulent misrepresentations by insurance agents constituted separate transactions or occurrences. *Id.*

This action is distinguishable from *McFarland*. Here, all Plaintiffs assert causes of action for negligence and nuisance, which are based on the operations at the Monroe County chicken houses. Unlike *McFarland*, Plaintiffs' claims are not based on separate contracts or actions specific to any one individual plaintiff. Rather, Plaintiffs' claims are all based on the same underlying facts— Peco's operations at the Monroe County facilities. Thus, while most plaintiffs in *McFarland* asserted similar causes of action, different proof was required to prove their claims as many of the plaintiffs' claims were based upon the conduct of different agents. Here, however, Plaintiffs' claims all rely upon the operations of the chicken houses. While some Plaintiffs have had slightly different experiences, all of the claims will be based upon the operations at the chicken houses. *McFarland* is distinguishable and inapplicable.

Peco also relies on *Baughman v. Lee County, Mississippi*, 554 F.Supp.2d 652 (N.D. Miss. 2008), a case wherein this Court held that the twenty-seven plaintiffs' claims should be severed. In *Baughman*, the plaintiffs each brought a 42 U.S.C. § 1983 claim, alleging that he or she was unnecessarily strip-searched at the Lee County Jail, in violation of his or her constitutional rights. *Id.* at 653. Relying on *McFarland*, this Court severed the plaintiffs' claims, stating that "[t]his lawsuit does not arise from a single incident in which large numbers of inmates were strip-searched at the time same time. To the contrary, the complaint alleges a series of allegedly unlawful strip searches which took place between 2005 and 2007, and each incident will require individualized proof regarding the circumstances and nature of the strip search in question." *Id.* at 654. The Court further opined that "the similarity between the claims of the various plaintiffs . . . is more illusory than real." *Id.*

Contrary to Peco's assertions, Plaintiffs' claims in this action are distinguishable from those of the *Baughman* plaintiffs. In *Baughman*, the plaintiffs asserted the same causes of action, but each plaintiff's claim was based on isolated incidents relevant only to that individual. Thus, the plaintiffs alleged the same legal claim but alleged different facts giving rise to the claims. In this case, Plaintiffs have all alleged claims for negligence and nuisance. Those claims are also based on the same conduct—the Monroe County chicken house operations. Thus, Plaintiffs have alleged the same legal claims *and* also rely largely on the same facts to prove those claims. The Court finds this distinction crucial. *Baughman* is inapplicable.

As previously stated, "joinder is only proper if both (1) the different plaintiffs' causes of action arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the plaintiffs will arise in the action." *Wyeth-Ayerst Laboratories v. Caldwell*, 905 So.2d 1205, 1207 (Miss. 2005). "Both of these prongs of

Rule 20(a) must be met in order to deny a motion for severance." *Miss. Farm Bureau Fed'n v. Roberts*, 927 So.2d 739, 741 (Miss. 2006).

In this Court's view, Peco's motion should be denied, as Plaintiffs' claims satisfy both Rule 20(a) requirements. Plaintiffs' assertions are based upon a common transaction or occurrence—the chicken house operations. Moreover, Plaintiffs' claims raise both common questions of law, as they all assert identical claims. Plaintiffs' claims also raise common questions of fact since their claims all revolve around the operations at the Monroe County chicken houses. Ultimately, Peco emphasizes the few factual differences in each individual plaintiff's testimony while paying little attention to the large amount of factual similarities. This argument is not well-taken.

### III.    Conclusion

Relying on the foregoing analysis, the Court finds that Peco's motion is meritless. Accordingly, it is hereby, ORDERED that Peco's *Motion to Sever* [257] is DENIED.

SO ORDERED this the 13th day of December, 2016.

                                            **/s/ MICHAEL P. MILLS**
                                            **UNITED STATES DISTRICT JUDGE**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**